David Montgomery*
Ohio Bar No. 40276
Phillip Thompson
Nevada Bar No. 12114
JACKSON LEWIS P.C.
3800 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461
david.montgomery@jacksonlewis.com
phillip.thompson@jacksonlewis.com

*Attorneys for Defendant*
*Apttus Corporation*

*Admitted Pro Hac Vice

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 0 8 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH BAKER, | Case No. 3:17-cv-00587-MMD-CBC |
| Plaintiff, | |
| v. | **MOTION TO EXTEND DISCOVERY FOR THE LIMITED PURPOSE OF PLAINTIFF'S DEPOSITION** |
| APTTUS CORPORATION, a Delaware Corporation; DOES I-X, inclusive, | |
| Defendant. | |

Defendant Apttus Corporation ("Apttus"), by and through its undersigned counsel, hereby moves to extend discovery in this matter for the limited purpose of taking Plaintiff's deposition. This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Counsel attached hereto, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

Dated this 5th day of April, 2019.

JACKSON LEWIS P.C.

*/s/Phillip C. Thompson*
David Montgomery, Ohio Bar # 40276
Phillip C. Thompson, Bar # 12114
3800 Howard Hughes Parkway, Ste. 600
Las Vegas, Nevada 89169
*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

As of March 15, 2018, the parties had agreed to a deposition schedule for the depositions of multiple witnesses, including Plaintiff. *See* Exhibit 1, Declaration of Phillip C. Thompson, ¶ 2. The depositions were set to take place during the week of March 19, 2018. *Id.* at ¶ 3. Unfortunately, on March 15, 2018, Plaintiff's counsel was forced to cancel the scheduled depositions due to health concerns. *Id.* at ¶ 4.

Following that, the parties agreed to extend discovery for 120 days so that Plaintiff's counsel could address his health concerns and the parties could attempt to resolve the claims. ECF No. 66. The parties then scheduled mediation and attempted to resolve the claims without expending resources toward discovery. ECF Nos. 67, 68, 69, and 70.

The parties were ultimately unable to reach a resolution during mediation. On February 19, 2019, the Court entered a minute order setting the close of discovery for April 11, 2019. ECF No. 74. The parties again worked to schedule multiple depositions. The parties set six depositions to take pace between March 25 and April 2, including Plaintiff's deposition. Exhibit 1 at ¶ 5.

Unfortunately, after the parties had agreed to the deposition schedule, Plaintiff's counsel once again had to cancel all depositions in order to undergo medical treatment. *Id.* at ¶ 6. At this time, Defendant understands that Plaintiff's counsel is unable to appear for Plaintiff's deposition. *Id.* at ¶ 7. Accordingly, Defendant respectfully requests that the discovery deadline be extended for the limited purpose of permitting Defendant to conduct Plaintiff's deposition when Plaintiff's counsel is able to appear.

Pursuant to Fed.R.Civ.P. 16(b)(4), a case schedule may be modified for good cause with the judge's consent. Fed.R.Civ.P. 16(b). In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992), the court explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply . . . ." *Jackson*, 186 F.R.D. at 608.

Here, at two different times, the parties reached agreement for deposition dates and Defendant properly scheduled Plaintiff's deposition prior to the close of discovery. Both times, the depositions had to be cancelled due to health emergencies of Plaintiff's counsel. Defendant's noncompliance with the discovery deadline will occur notwithstanding its diligent efforts to comply.

Accordingly, Defendant respectfully requests that the discovery deadline be extended for the limited purpose of permitting Defendant to conduct Plaintiff's deposition as soon as Plaintiff's counsel is available to appear for the deposition.

Dated this 5th day of April, 2018.

JACKSON LEWIS, P.C.

/s/ Phillip C. Thompson
David Montgomery, Ohio Bar No. 40276
Phillip C. Thompson, Nevada Bar No. 12114
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant Apttus Corporation*

IT IS SO ORDERED

U.S. MAGISTRATE JUDGE

DATED: 4/8/2019

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee Jackson Lewis P.C. and that on this 5th day of April, 2019, I caused to be served a true and correct copy of the above and foregoing **MOTION TO EXTEND DISCOVERY FOR THE LIMITED PURPOSE OF PLAINTIFF'S DEPOSITION** via the Court's CM/ECF system to:

Michael J. Morrison
1495 Ridgeview Dr., Suite 220
Reno, NV 89519

*Attorney for Plaintiff*
*Elizabeth Baker*

                                            /s/ Phillip C. Thompson
                                            Employee of Jackson Lewis P.C.

### DECLARATION OF PHILLIP C. THOMPSON IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND DISCOVERY

1. I am an attorney at the law firm Jackson Lewis P.C., and am counsel to Apttus Corporation ("Defendant" or "Apttus") in the litigation captioned *Baker v. Apttus Corp.*, Case No. 3:17-cv-00587-MMD-CBC. I make this declaration in support of Defendant's Motion to Extend Discovery for the Limited Purpose of Plaintiff's Deposition.

2. As of March 15, 2018, the parties had agreed to a deposition schedule for the depositions of multiple witnesses, including Plaintiff.

3. The depositions were set to take place during the week of March 19, 2018.

4. Unfortunately, on March 15, 2018, Plaintiff's counsel was forced to cancel the scheduled depositions due to health concerns.

5. After the parties were unable to resolve this matter at mediation, the parties again worked to schedule multiple depositions. Ultimately, the parties set six depositions to take place between March 25 and April 2, including Plaintiff's deposition.

6. Unfortunately, after the parties had agreed to the deposition schedule, Plaintiff's counsel once again had to cancel all scheduled depositions in order to undergo medical treatment.

7. At this time, Defendant understands that Plaintiff's counsel is unable to appear for Plaintiff's deposition.

8. Although the parties do not consider this to be a discovery dispute for purposes of Local Rule 26-7, the parties have met and conferred via telephone conference several times throughout the month of March and April regarding this issue, and Plaintiff's counsel has indicated he is agreeable to Defendant's request.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of April, 2019.

*/s/ Phillip C. Thompson*
Phillip C. Thompson