Michael J. Morrison, Esq.
Nevada State Bar No. 1665
1495 Ridgeview Drive, Suite 220
Reno, NV 89519
Tel. 775-827-6300
venturelawusa@gmail.com

*Attorney for Plaintiff*
*Elizabeth Baker*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| ELIZABETH BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>APTTUS CORPORATION, a Delaware Corporation<br><br>Defendant.<br>_____ | Case No.  3:17-cv-00587-MMD-CBC<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S SPOLIATION OF EVIDENCE** |

This Reply is based on the accompanying Memorandum of Points and Authorities, all of the documents, pleadings and other papers on file in this matter, and on such further argument as may be presented at any hearing on this Motion.

DATED this 15th day of April, 2019.

    */s/ **Michael J. Morrison***

Michael J. Morrison, Esq.
Nevada State Bar No. 1665
1495 Ridgeview Drive, Suite 220
Reno, NV 89519
Tel. 775-827-6300
venturelawusa@gmail.com

*Attorney for Plaintiff Marco De la Cuesta*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY.

Defendant seeks to characterize all issues raised in the Motion as rehashed and long-ago fully resolved. In doing so, Defendant ignores several extremely important factual issues, and grossly misrepresents the actual facts, namely:

1) The ESI search issue was resolved by the Court, but the Court did not foreclose the issue re: ESI production, as it very clearly stated in its Order, ECF No. 66, "Defendant shall have until no later than the Monday, October 15, 2018, to deliver to plaintiffs' counsel both the requested financial and personnel records. The Court shall be notified as soon as possible should any issues arise with this discovery."

Defendant unequivocally represented to the Court that <u>Defendant produced its ESI to Plaintiff</u> in the requested PST format **seven months ago**, on September 14, 2018." (Opposition, p. 2. Lines 5-6.) That statement is incorrect and misleading, even as of the date hereof, in that, in its Order (ECF No. 66), this Court stated that Defendant **shall** deliver to Plaintiff both the requested financial and personnel records **not later than October 15, 2018**. That did not happen, notwithstanding the fact that, given the Court's Order, indeed its **mandate** to Mr. Thompson was to turn over the requested discovery not later than October 15, 2018. Since that did not occur as Ordered, counsel for Plaintiff made a point to request the documents be produced to Plaintiff in virtually every phone discussion the counsel would have. In fact, Mr. Thompson would consistently represent to Plaintiff's counsel during such calls that "he'd look into that", but failed and refused to do so until **March 5, 2019, when he finally produced a token amount of the requested documents!** Nearly **five (5) months** after he was specifically ordered to do so!

2

But the most troublesome aspect of this situation lies in the fact that Mr. Thompson represented to the Court that **Apttus had produced the requested ESI**, but in truth and fact, Apttus did not produce **all** of the requested ESI/native files to Plaintiff, as Apttus had, during the nearly **5-month delay** in producing anything, culled through the native files and removed what it did not want to produce, all as set forth in Plaintiff's Motion for Sanctions based on Spoliation ("MSS"), filed this date as ECF Nos. 81, 84 and 85; this MSS was in keeping with this Court's direction to notify the Court as soon as possible should discovery issues re: ESI production arise (ECF No. 66.). It took many weeks to "arise", but the way Apttus intentionally **delayed the disclosure** in a sinister scheme designed to prevent Plaintiff from finding the spoliation. But for many weeks of sharply focused diligence, hard work and complex forensic activities by two (2) highly trained and experienced forensic and eDiscovery veterans, Apttus would have succeeded in its efforts to hide or otherwise get rid of damaging evidence that established the truth of the facts and circumstances alleged in Plaintiff's Amended Complaint.

Notwithstanding the facts set forth above, Apttus nevertheless represents to the Court that "Electronic Discovery was Completed Six Months Ago". *See* Opposition, p.6, line 11-12.

While Apttus wants to aggressively assert specious examples about how much time elapsed before Plaintiff discovered the egregious methods used by Apttus with respect to producing ESI (*see*, MSS), the truth is that Apttus itself caused, facilitated and was the proximate cause of any delay in Plaintiff's "discovering" the Apttus misconduct. *See, Id.* It is indeed disingenuous for Apttus to act so outraged by the alleged delays by Plaintiff when the delays were caused, in large part, by misconduct by Apttus and, to

a far lesser extent, the illness of Plaintiff's counsel.

2) The Order (ECF No. 66) goes on to say, "Mr. Morrison advises the Court that he has been advised that employees of Apttus have been directed to surrender laptops and that the data on such laptops would be erased. **Mr. Thompson advises that he will make an inquiry of Apttus regarding these issue**s; however, he further advises that his office has issued preservation letters and that **such ESI documents have already been produced in these cases**. The Court noted that this evidence should have already been provided to the plaintiffs and advises counsel that the Court has no intention of reopening ESI at this time. The Court further advises that should this become a problem in this case, Mr. Morrison should file an appropriate motion. IT IS SO ORDERED."

Quite significantly, at no time during the course of this case has the ESI requested by Plaintiff, and Ordered by this Court, been produced. (*See*, MSS.) So there is simply no set of facts or circumstances extant to support the bald assertion by Apttus that "**such ESI documents have already been produced in these cases.**"

In addition, at no time during these proceedings has Mr. Thompson reported the results of his "**inquiry**" regarding Apttus' erasure of data from laptops forcibly surrendered by employees of Apttus. Still an open issue, which Apttus has never again mentioned. But it could get resolved by the MSS.

3) In its Opposition, p. 2, lines 10-20, Apttus asserts that "the expert witness disclosures expired August 13, 2018, **eight months ago"**. (Emphasis Apttus.) Nothing could be further from the reality of this issue. As stated in Plaintiff's Supplemental Disclosures of Expert Witnesses, served on Apttus on March Plaintiff again reminds Apttus that Plaintiff's 2 experts

4

are unable to render a report/opinion unless and until Apttus produces its long-ago promised and Court-Ordered financial records and employment files for Plaintiff Baker and Plaintiff De la Cuesta. It's simply not possible to reconcile Apttus' authoritative bald claim that expert witness disclosures "**expired**" on August 13, 2018, with the fact that this Court did not even Order delivery of such requested documents until October 15, 2018! (ECF No. 66.) Accordingly, for Apttus' bald assertion to have any merit, Plaintiff's experts were required to render reports/opinions before Apttus ever produced its Court-Ordered documents to the experts! Which it refused to do until March 5, 2019 (*see* Ex. "1" hereto), just shy of 5 weeks before the discovery cut-off in this case (unless otherwise ordered by this Court). *See*, ECF No. 76, an Amended Stipulated Discovery Plan and Scheduling Order, where the parties stipulated and the Court ordered that, "The discovery cutoff date is April 11, 2019. This means all discovery must be commenced in time to be completed by April 11, 2019, **unless otherwise ordered by the Court.**" (Emphasis added.) This is consistent with the Court's pronouncement in ECF No. 66. Moreover, ECF Nos. 66 and 76 both state that extensions of the discovery date will not be extended "absent a showing of good cause to do so."

Plaintiff respectfully submits that the facts and circumstances regarding the lengthy delays in Apttus' production of document, ignoring hard dates of delivery set by the Court, combined with the **25 documented instances of spoliation of evidence by Apttus (*see*, MSS)**, combined with Plaintiff's counsel's ongoing and unpredictable health issues, constitute a showing of "good cause" to grant an extension of discovery for 90 days.

4) In the Stipulated Amended Discovery Plan and Scheduling Order, dated February 23, 2019, the parties stipulated, and the Court Ordered: "Pursuant to the Court's minute order dated February 19, 2019 (ECF No. 70), the parties submit the following discovery plan and scheduling order setting forth the remaining discovery deadlines in this matter, <u>specifically incorporating by reference Paragraphs 3 and 5 of the Court's</u> <u>Order in Document 66 filed herein</u>:

1. **Discovery Cut-Off Date(s)**: The discovery cutoff date is April 11, 2019. This means all discovery must be commenced in time to be completed by April 11, 2019, **unless otherwise ordered by the Court.**

2. **Dispositive Motions**:

"6. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: LR 26-4 governs modifications or extensions of this discovery plan and scheduling order. The parties understand that the Court will not**, absent a showing of good cause to do so,** further extend or modify the discovery plan and scheduling order.

"10. **Electronic Information**: **The parties do not at this time anticipate any issues about disclosures or discovery of electronically stored information**, if any, including the form or forms in which it should be produced. **The parties shall meet and confer and otherwise work in good faith with respect to the production of electronically stored information should any dispute arise."**

Little did Plaintiff know that the good faith efforts of Plaintiff to meet and confer regarding discovery issues were being abused by Apttus in order to delay production of documents and buy Apttus time to conduct an unlawful removal of relevant discovery documents from the Apttus electronic devices. *See* MSS.

Accordingly, based on ECF Nos. 66 and 70, and notwithstanding the numerous bald assertions of Apttus, Plaintiff respectfully submits that, given the facts and circumstances set forth herein, this Court has the power and authority to exercise its discretion to grant another extension in the discovery proceedings in this case.

5) Although Apttus seeks to attribute all the alleged delays to Plaintiff, it is more than curious to note that Apttus has failed and refused to disclose to the Court that it was Apttus that was responsible for the Apttus-

 requested termination of all discovery activities, of whatsoever nature, commencing November 27, 2018, through and including, February 25, 2019, when the Court requested the status of mediation and the

parties advised that they had concluded mediation efforts. In fact, counsel for Apttus confirmed this in writing on November 27, 2018, when he sent Plaintiff's counsel the following e-mail:

Montgomery, David K.     (Cincinnati) <David.Montgomery@jacksonlewis.com>

to me, Phillip

Corp rep is confirmed. All good

Just to confirm the agreement is to forego further litigation pending

That includes extending your reply to the Veiga motion to dismiss.

Agreed?

Also are you still working on dates for Baker? Please get more than 1 option

**David Montgomery**
**Attorney at Law**
**Jackson Lewis P.C.**
**PNC**
**26th**
**201 E. Fifth Street**
**Cincinnati, OH 45202**
**Direct: (513) 322-5032 | Main: (513) 898-0050 | Mobile: (513) 276-0803**
**David.Montgomery@jacksonlewis.com  |  www.jacksonlewis.com**
**Jackson Lewis P.C. is honored to be recognized as the "Innovative Law Firm of the Year" by the**
**Technology Association (ILTA) and is a proud member of the CEO Action for Diversity and In**

Michael J. Morrison, Chtd. <venturelawusa@gmail.com>

to David, Phillip

Agreed. Thx.


**CONCLUSION**

Based on the foregoing facts and circumstances, Plaintiff respectfully submits that, given the conduct of Apttus with regard to discovery, which conduct provides the requisite showing of "good cause", an extension is herein warranted in order to insure Plaintiff has been afforded due process and an opportunity to pursue its *bona fide* claims herein.

Accordingly, there was an Apttus-requested delay in all litigation from November 27, 2018, through February 23, 2019, a period of eighty-eight (88) days. And Apttus represents that it was all due to Plaintiff's activities, disregarding and making light of her counsel's unpredictable illness, and related testing and treatment.

DATED this 15th day of April, 2019.

*/s/ Michael J. Morrison*

Michael J. Morrison, Esq.
Nevada State Bar No. 1665
1495 Ridgeview Drive, Suite 220
Reno, NV 89519
Tel. 775-827-6300
venturelawusa@gmail.com

*Attorney for Plaintiff Elizabeth Baker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I personally caused to be served a true copy of the foregoing **PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES** by the method indicated and addressed to the following:

JACKSON LEWIS P.C.           \_\_\_\_ Via U.S. Mail
David Montgomery, Esq.
Lisa A. McClane, Esq.          \_\_\_\_ Via Overnight Mail
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169        \_\_\_\_ Via Hand Delivery

                                                   \_xx\_ Via Facsimile/E-mail

                                                   \_\_xx Via CM/ECF

DATED this 15th day of April, 2019.

*/s/ Michael J. Morrison*

_____
Michael J. Morrison